**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MATTHEW ALTER,

      Defendant - Appellant.

No. 12-3202
(D.C. No. 6:11-CR-10225-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH,** Circuit Judges.

After his conviction for possession of child pornography, Matthew Alter

was sentenced to 72 months imprisonment.  With the case now before us, Mr.

Alter's attorney has filed an *Anders* brief, advising that he discerns no colorable

basis for an appeal and seeking leave to withdraw.  *Anders v. California*, 386 U.S.

738 (1967), authorizes a defendant's lawyer to seek permission to withdraw from

an appeal if, "after a conscientious examination," the lawyer finds the appeal

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"wholly frivolous." *Id.* at 744. Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). The client may then submit his own arguments for the court's consideration. *Id.* After all that, we must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

In his *Anders* brief, Mr. Alter's counsel identifies one potential point of appeal in this case but represents that it lacks merit. He addresses the possibility that the sentencing court focused, either as a procedural or substantive matter, too much on avoiding unwarranted sentencing disparity between Mr. Alter and others charged with similar crimes at the expense of other § 3553(a) factors. While counsel ultimately concludes that this argument lacks merit, Mr. Alter has submitted his own filing contending it does bear merit.

After our own independent review of the record, we agree with Mr. Alter's counsel that any appeal in this case would be fruitless. To be sure, the district court focused on avoiding unwarranted sentencing disparities, but it also expressly stated that it took into consideration the other applicable § 3553(a) factors and it discussed at least one of the other factors specifically (the seriousness of the offense). The court then offered to discuss all of the other

remaining factors but counsel for both sides agreed that was unnecessary. Only then did the court proceed to issue its judgment. This is more than enough to persuade us that the district court did not abuse its discretion in the process it followed. *See, e.g.*, *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007). Neither, as a matter of substance, do we see any abuse of discretion here. The district court issued a sentence below the advisory range and we are given no reason to think that a lower sentence still was compulsory. *See, e.g.*, *United States v. Munoz-Nava*, 524 F.3d 1137, 1148-49 (10th Cir. 2008).

Counsel's motion to withdraw is granted and this appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge